1  Frank S. Hedin (SBN 291289)
   fhedin@hedinhall.com
2  David W. Hall (SBN 274921)
   dhall@hedinhall.com
3  HEDIN HALL LLP
   Four Embarcadero Center, Suite 1400
4  San Francisco, CA  94104
   Telephone: (415) 766-3534
5  Facsimile: (415) 402-0058

6  *Counsel for Plaintiff and the Putative Class*

7  UNITED STATES DISTRICT COURT

8  CENTRAL DISTRICT OF CALIFORNIA

9  JAKE CARMACK, individually and on behalf of all others similarly situated,

   Case No. _____

10             Plaintiff,

   CLASS ACTION COMPLAINT

11  v.

   DEMAND FOR JURY TRIAL

12

13  THE 7M EGROUP CORP., doing business as "DYNASTY TOYS,"

14             Defendant.

15       Plaintiff Jake Carmack, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel, and on information and belief as to all other matters.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth in this complaint, after a reasonable opportunity for discovery.

## NATURE OF ACTION

   1.    Plaintiff brings this action for legal and equitable remedies resulting from the illegal actions of The 7M EGroup Corp., doing business as "Dynasty Toys," in transmitting unsolicited, autodialed SMS or MMS text messages, *en masse*, to Plaintiff's cellular device and the cellular devices of numerous other individuals across the country, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this putative class action lawsuit pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Personal jurisdiction and venue are proper in this district because Plaintiff's claims arose in substantial part in this district and because Defendant maintains its corporate headquarters in this district. Defendant transmitted the offending text messages from within this district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual and a "person" as defined by 47 U.S.C. § 153(39) and a citizen and resident of San Jose, California.

5. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Defendant maintains its corporate headquarters at 4881 Main Street, Yorba Linda, California.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. To address consumer complaints regarding certain telemarketing practices, Congress enacted the TCPA, 47 U.S.C. § 227, in 1991. The TCPA prohibits, *inter alia*, the use of automated telephone equipment, or "autodialers," to make any call, including sending a text message, to a wireless number absent an emergency or the "prior express consent" of the party called. And in the case of calls or text messages that constitute "advertisements" or "telemarketing", as defined by applicable regulations, the TCPA requires the "prior express written consent" of the called party before initiating such calls or texts using an autodialer or prerecorded voice.

7. According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and texts are prohibited because receiving them is a greater nuisance and invasion of privacy than live solicitation calls and they can be costly and inconvenient. The FCC also

recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes or texts are used.

8. One of the most prevalent bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for the transmission and receipt of short text messages to and from wireless telephones. Another similar service called "Multimedia Messaging Services" (or "MMS") is based upon and similar to the SMS system, but also permits the transmission of photos and videos via text message. According to a recent study, "[s]pam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones."[1]

9. SMS and MMS text messages are directed to a wireless device through a telephone number assigned to the device. When an SMS or MMS text message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received. Because wireless telephones are carried on their owners' persons, SMS and MMS text messages are received virtually anywhere in the world.

10. Unlike more conventional advertisements, SMS and MMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

11. Moreover, the transmission of an unsolicited SMS or MMS text message to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited May 21, 2015).

# FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. Defendant is an e-commerce company that sells laser tag products and other interactive games for children.

13. Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number (669) ***-9956 (the "9956 Number"). The 9956 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. In or about November 2018, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, at least one text message advertisement to the 9956 Number without Plaintiff's prior express written consent, as depicted below:



15. The source of the unsolicited text message(s) that Defendant sent to the 9956 Number was "313131", which is a six-digit SMS short-code telephone number leased by Defendant or Defendant's agent(s) or affiliate(s) and is used for operating Defendant's text message marketing program.

16. Because Plaintiff is alerted by his cellular device, by auditory or visual means, whenever he receives a text message, each unsolicited text message that Defendant transmitted to Plaintiff's cellular device invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt. Plaintiff became distracted and aggravated as a result of receiving Defendant's unsolicited text message.

- 4 -
CLASS ACTION COMPLAINT

17. All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's 9956 Number and to the numbers of the members of the Class defined below occurred using a an "automated telephone dialing system" as such terms are defined by 47 U.S.C. § 227(b)(1)(A).

18. Defendant transmitted its text messages to the 9956 Number and to the numbers of the members of the Class defined below using an "automated telephone dialing system" because its text messages were sent from a six-digit short code used to message consumers *en masse*; because the messages contained pro forma, impersonal advertising copy; because Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by Defendant to send such messages have the capacity to store, produce, and dial random or sequential numbers, or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion and without human intervention.

19. And indeed, Defendant actually transmitted the text messages at issue in this case to Plaintiff and all other putative Class members in an automated fashion and without human intervention, with hardware and software that received and stored lists of telephone numbers and which then dialed such numbers automatically.

20. The complained of text messages sent by Defendant to the 9956 Number and to the numbers of the members of the Class defined below constituted "advertisements" and/or "telemarketing" material within the meaning of the applicable TCPA regulations. This is because Defendant sent the messages in order to advertise and market its goods and services, for the purpose of ultimately sell such goods and services to Plaintiff and other Class members for profit.

21. Neither Plaintiff nor any members of the proposed Class ever provided their "prior express written consent" or any other form of consent to Defendant or any affiliate, subsidiary, or agent of Defendant to transmit text messages to the 9956 Number or to any

of the Class's telephone numbers using an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

22. <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons within the United States to whom, between January 21, 2015 and the present, one or more text message(s) promoting Defendant's goods or services was delivered by Defendant or an affiliate, subsidiary, or agent of Defendant, and who did not provide Defendant prior express written consent to be sent such text message(s).

23. Defendant, its employees, and agents are excluded from the Class.

24. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

25. Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates or subsidiaries.

26. This Class Action Complaint seeks injunctive relief and monetary damages.

27. This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

28. Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, or judicial economy.

29. <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to tens of thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the

size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

30. <u>Typicality</u>. Plaintiff received at least one text message through the use of an automatic telephone dialing system, without providing prior express written consent to the Defendant within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members he seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

31. <u>Adequacy</u>. As Class representative, Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the Class, and is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional Class representatives or assert additional claims.

32. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Counsel are experienced in handling complex class action claims, in particular claims under the TCPA and other data privacy and consumer protection statutes.

33. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without

reference to the individual circumstances of any class member, include (but are not limited to) the following:

    a) Whether Defendant or affiliates, subsidiaries, or agents of Defendant transmitted advertising or telemarketing text messages to Plaintiff's and Class members' cellular telephones;

    b) Whether such text messages were sent using an "automatic telephone dialing system";

    c) Whether Defendant or affiliates, subsidiaries, or agents of Defendant can meet their burden to show Defendant obtained prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send the text messages complained of, assuming such an affirmative defense is raised;

    d) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

34. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential

to compel compliance with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at issue are all automated and the Class members, by definition, did not provide the prior express written consent required under the statute to authorize such text messages to their cellular telephones. The Class members can be readily located and notified of this class action through Defendant's records and, if necessary, the records of cellular telephone providers.

35. Additionally, the prosecution of separate actions by individual Class members may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

36. Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CLAIM FOR RELIEF

VIOLATION OF THE TELEPHONE
CONSUMER PROTECTION ACT
(47 U.S.C. § 227)

37. Plaintiff incorporates by reference paragraphs 1-36 of this Class Action Complaint as if fully stated herein.

38. The foregoing acts and omissions constitute violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(b)(1).

39. As a result of Defendant's violations of the TCPA, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3).

40. As a result of Defendant's violations of the TCPA, Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 (or $1,500.00 for any violations committed knowingly or willfully) in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

41. Plaintiff and Class members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jake Carmack prays for relief and judgment in favor of himself and the Class as follows:

1. Injunctive relief prohibiting such violations of the TCPA in the future;

2. As a result of each of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each class member $500.00 (or $1,500.00 for any violations committed knowingly or willfully) in statutory damages;

3. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

4. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

| | |
|---|---|
| Dated: January 21, 2019 | Respectfully submitted, |
| | HEDIN HALL LLP |
| | By: s/ Frank S. Hedin |
| |       Frank S. Hedin |
| | |
| | Frank S. Hedin (SBN 291289) |
| | fhedin@hedinhall.com |
| | 1395 Brickell Ave, Ste 900 |
| | Miami, Florida 33131 |
| | Telephone:   (305) 357-2107 |
| | Facsimile:   (305) 200-8801 |
| | |
| | David W. Hall (SBN 274921) |
| | dhall@hedinhall.com |
| | Four Embarcadero Center, Ste 1400 |
| | San Francisco, California 94111 |
| | Telephone:   (415) 766-3534 |
| | Facsimile:   (415) 402-0058 |
| | |
| | *Counsel for Plaintiff and Putative Class* |